**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTONIO CAMBEROS,

Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

Respondent.

No. 07-9556
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

Antonio Camberos, a Mexican citizen, petitions for review of an order

issued by the Board of Immigration Appeals (BIA) denying his motion to reopen

removal proceedings initiated against him.  Discerning no abuse of discretion on

the part of the BIA, we deny Camberos' petition for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Camberos was paroled into the United States on July 20, 1999, to pursue an application for adjustment of status based on his marriage to Camille Elaine Hogue, a United States citizen, and Hogue's petition for an alien relative (Form I-130). By October 21 of the same year, Camberos and Hogue separated and she withdrew her petition. Camberos was placed in removal proceedings.

Camberos, represented by counsel, conceded removability at a hearing before an Immigration Judge (IJ) in April 2003. He explained, however, that he had been abused by Hogue and that he wished to file a special immigrant visa application (Form I-360). *See* 8 U.S.C. § 1154(a)(1)(A)(iii)(I), (II)(aa)(CC)(ccc) (setting forth the procedure for adjustment to immigrant status for an alien whose marriage to a U.S. citizen terminated on account of "battering or extreme cruelty by the United States citizen spouse"); 8 C.F.R. §§ 204.1(a)(3), 204.2(c) (describing visa self-petitioning procedure).

Camberos, however, married another United States citizen only two weeks before his next scheduled hearing. Thus, he became ineligible for a visa as a battered spouse. *See* Admin. R. at 14 (denying visa application because Camberos' divorce and remarriage meant that he could not demonstrate a qualifying relationship). At the hearing, the attorney notified the IJ that Camberos was abandoning his I-360 application and requested a continuance for the adjudication of Camberos' new application for adjustment of status based

upon his recent marriage. The IJ denied the continuance request, observing that the case had been pending three years and the court was "not going to wait another year or year and a half for [Camberos] to get this situation straightened out." Admin. R. at 183. Noting that it "looks like . . . a case that's . . . going to go forever," the IJ ordered Camberos removed. *Id.* at 188. Camberos' attorney filed a notice of appeal with the Board of Immigration Appeals (BIA), but failed to file a separate brief.

The BIA dismissed the appeal on May 22, 2006, on the merits. It found no error in the IJ's "conclusion that the respondent's speculative future eligibility for adjustment of status fails to establish good cause for a continuance." *Id.* at 191. In this court, the attorney followed a similar pattern: he filed a petition for review without submitting a brief. Camberos' petition for review was dismissed for lack of prosecution on November 16, 2006. The court denied a new attorney's motion to revive the petition for review.

On January 24, 2007, eight months after the BIA's final decision, Camberos filed an untimely motion to reopen on the ground that he had received ineffective assistance from his previous counsel and he also requested equitable tolling of the 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2) (requiring a motion to reopen removal proceedings to be filed within 90 days after the final administrative decision). Camberos' motion mentioned counsel's failure to pursue I-360 relief and also referred to Form EOIR-42B, which is an application

pursuant to the battered-spouse provision of 8 U.S.C. § 1229b(b)(2) (allowing for discretionary cancellation of removal if the alien establishes battering or extreme cruelty, physical presence in the United States for at least three years, good moral character, and extreme hardship arising from removal to the alien or a family member who is a citizen or lawful resident).

Nowhere in his motion to reopen did Camberos provide substantial factual support for his claimed entitlement to 42B relief or provide meaningful legal argument. Although the motion described his former wife's post-separation drug problems, her neglect of her children, and her misrepresentation of a child's paternity, it did not demonstrate extreme cruelty or explain how his removal would result in extreme hardship to himself or any identified family member.

The BIA first determined that the attorney proceeded properly when Camberos' marriage mooted his Form I-360 application. Further, no prejudice flowed from counsel's failure to file a BIA brief because the affirmance of the removal order addressed the issues raised in the notice of appeal. Finally, counsel's failure to brief the petition for review in this court fell outside BIA jurisdiction. The BIA did not specifically discuss the lack of a Form EOIR-42B application, but commented generally that "the respondent, who has been the subject of removal proceedings for over six years, has yet to establish his prima facie eligibility for relief from removal." Admin. R. at 3. Based on its conclusion that Camberos "had failed to establish that his prior attorney's conduct

-4-

prejudiced his case," the BIA denied the motion to reopen. *Id.* Camberos petitioned for review in this court, arguing that he was prejudiced by his attorney's failure to apply for 42B relief and that the BIA's omission of a specific 42B discussion was an "egregious mistake." Pet'r Br. at 23.

## II.

This court has jurisdiction to review the BIA's denial of a motion to reopen. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004). We review the matter for an abuse of discretion, *id.* at 1362, and "will reverse only if the BIA's 'decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (quoting *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002)).

"Because deportation proceedings are civil in nature, a claim of ineffective assistance of counsel in a deportation proceeding may be based only on the Fifth Amendment guarantee of due process." *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam). The due-process analysis requires a showing that the "counsel's ineffective assistance so prejudiced [the alien] that the proceeding was fundamentally unfair." *Id.*

In its decision, the BIA addressed the controlling issue: whether the case presented ineffective-assistance-of-counsel claims warranting equitable tolling. *See Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002) (requiring the BIA to

examine motions to reopen based on ineffective assistance of counsel to determine propriety of equitable tolling). After sorting through Camberos' argument, the BIA denied the motion to reopen for lack of a showing of prejudice flowing from the allegedly ineffective assistance.

Contrary to Camberos' contentions, the BIA did not abuse its discretion in omitting a detailed discussion of 42B relief. A motion to reopen in the BIA must "state the new facts that will be proven at a hearing to be held if the motion is granted" and should be supported by affidavits, along with "other evidentiary material." 8 C.F.R. §§ 1003.2(c), 1003.23(b)(3); *cf. Sanchez v. Keisler,* 505 F.3d 641, 648 (7th Cir. 2007) (granting petition for review of denial of motion to reopen where the motion provided "extensive evidence" of spousal abuse). Camberos' motion contained only a passing mention of 42B relief and failed to provide evidentiary support for such a claim.

The BIA's order provided a rational explanation for its decision and followed its established policies. We conclude that it did not abuse its discretion and therefore we DENY the petition for review. Petitioner's motion to proceed in forma pauperis is granted.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-6-