FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

AZNAUR SHAMILIEVICH UZDENOV,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 13-9611
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

_____

Aznaur Shamilievich Uzdenov, appearing in this court pro se, petitions for

review of a decision of the Board of Immigration Appeals (BIA) dismissing his

appeal from a decision of an immigration judge (IJ) denying his application for

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asylum, restriction on removal,[1] and protection under the United Nations Convention Against Torture (CAT). The petition for review is dismissed for lack of jurisdiction due to petitioner's failure to exhaust his administrative remedies.

## I. Background

Petitioner is a native and citizen of Russia, born in Krasny Kurgan. He alleged that he is ethnically Karachay. He entered the United States legally on a student visa in May 2007, but overstayed his authorized period of admission. Removal proceedings were initiated in July 2008. Petitioner conceded removability, but he timely filed an application for asylum, restriction on removal, and protection under the CAT.

Petitioner was represented by counsel at the merits hearing held in July 2012. He briefly testified that he was persecuted in Russia based on his ethnicity. He alleged that he was arrested in Russia "[a] lot of times." Admin. R. at 88. He alleged that he was beaten in 2005 by skinheads at a bus station, and that he was beaten and tortured in 2006 by several drunken police officers who arrested him and tried to get money from him. He testified that his father was involved in politics, protesting the Chechen war, and that his father had been arrested and beaten by police. He submitted a couple of medical reports from Russia to corroborate his claims, and the IJ obtained the State Department's Country Report for Russia.

---

[1]     Although the agency refers to "withholding of removal," the terminology was changed to "restriction on removal" by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. See 8 U.S.C. § 1231(b)(3).

The IJ found that petitioner failed to meet his burden of proof for either asylum or restriction on removal for several reasons: (1) his testimony lacked sufficient detail; (2) he failed to acquire corroborating documentation to support his allegations, not even letters from his family in Russia or his parents' friends, despite having four years since the removal proceedings were initiated to obtain such evidence and being in regular communication with his parents; (3) the two medical reports he submitted in support of his testimony that he was beaten in Russia showed that he suffered injuries, but not who caused his injuries or why, and he did not consult a doctor in the United States to confirm the serious injuries, including broken bones and burns, that he claimed to have received in the past; (4) he did not provide his fingerprints ninety days before the hearing, as required, so his claim that he had no arrests in the United States could not be verified; (5) he failed to produce any evidence that his parents and three sisters have had any problems in Russia in the five years since he left, and he failed to corroborate his claim that his father protested the Chechen war; (6) the Country Report did not mention petitioner's particular ethnic group, and petitioner failed to produce any evidence that people of his ethnicity are persecuted in Russia; and (7) he did not produce evidence showing that his father experienced any problems in Russia on account of his political activity, or establish a nexus between himself and his father's political activity.

For all of the above reasons, the IJ concluded that petitioner's testimony was not credible and that, without additional corroborating evidence, he had failed to

show that he had suffered past persecution in Russia or had a well-founded fear of future persecution if he returns to Russia. In addition, the IJ concluded that petitioner failed to meet the standard for either asylum or restriction on removal because he failed to show that race, religion, nationality, membership in a particular social group, or political opinion was or would be at least one central reason for the alleged past or future persecution. The IJ concluded that petitioner had failed to show that it was more likely than not that he would be tortured by the government or with the government's acquiescence in Russia, so he was not entitled to protection under the CAT.

Petitioner, through counsel, filed an administrative appeal to the BIA. He argued summarily that credible testimony may be sufficient to carry his burden of proof; that he testified to past persecution and a well-founded fear of future persecution based on police beatings in Russia; and that the IJ's conclusion that he was not entitled to asylum, restriction on removal, or protection under the CAT was clearly erroneous. See Admin. R. at 14-16. He did not mention his ethnicity or his father's political activity, however, and he did not challenge the IJ's findings that his testimony was not credible, that he failed to establish a nexus between his alleged past or future persecution and a protected ground, and that his allegations did not show that it was more likely than not that he would be tortured by the Russian government or with the government's acquiescence. See id.

- 4 -

The BIA reviewed the evidence and agreed with the IJ's findings that petitioner had not demonstrated past persecution or a well-founded fear of future persecution; that petitioner had not submitted any evidence that people of his ethnicity are persecuted in Russia; that petitioner had not shown that his father had any problems in Russia on account of his political activity or established a nexus between himself and his father's political activities; that petitioner had not established a nexus between the alleged past or future persecution and a protected ground; and that petitioner had not shown that it was more likely than not that he would be tortured by the government or with the government's acquiescence in Russia. The BIA concluded that petitioner failed to meet the standards for asylum, restriction on removal, or relief under the CAT, and dismissed his administrative appeal. Petitioner seeks review.

## II. Discussion

Petitioner argues on appeal that the IJ erred in concluding that he was not entitled to asylum, restriction on removal, or protection under the CAT. See Pet'r Opening Br. at 5. He argues that the IJ erred: (1) in concluding that he failed to establish a well-founded fear of persecution based on a protected ground, because he showed that he was persecuted based on his ethnicity, skin color, and national origin; (2) in concluding that his evidence was not sufficient and further corroboration was needed, because his testimony was credible and supported by the Country Report; (3) in concluding that he failed to corroborate his credible testimony, because the

- 5 -

Country Report established the plausibility of his claim; (4) in concluding that he did not establish past persecution, because the medical reports he submitted supported his testimony that he was beaten in Russia; and (5) in analyzing his particular social group, people from the North Caucusus. See id. at 5, 8-9, 16-17. Because petitioner appears in this court pro se, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The government argues, however, that petitioner raises arguments that do not relate to the IJ's findings and statements in this case, and that his application for asylum and restriction on removal is undercut because he has not adequately raised any argument in his opening brief directed to the IJ's independently dispositive finding that he failed to corroborate his claims for relief. In the alternative, the government argues that no record evidence compels the conclusion that petitioner established the required nexus between a protected ground and his alleged persecution, or that he will more likely than not be tortured if he returns to Russia.

This court generally has jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal. See Sosa-Valenzuela v. Holder, 692 F.3d 1103, 1108 (10th Cir. 2012). Under 8 U.S.C. § 1252(d)(1), however, "[a] court may review a final order of removal only if–(1) the alien has exhausted all administrative remedies available to the alien as of right." As a result, this court lacks jurisdiction to consider unexhausted issues in immigration cases. See, e.g., Akinwunmi v. INS, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam). This court may only consider arguments

that have first been presented to the BIA, except when the BIA's decision supports a "very narrow caveat" to that rule. Garcia-Carbajal v. Holder, 625 F.3d 1233, 1237-38 (10th Cir. 2010). "To satisfy § 1252(d)(1), an alien must present the same specific legal theory to the BIA before he or she may advance it in court." Id. at 1237. We will consider the BIA to have chosen to exhaust an unraised claim administratively only if the BIA "(1) clearly identif[ied] a claim, issue, or argument not presented by the petitioner; (2) exercise[d] its discretion to entertain that matter; and (3) explicitly decide[d] that matter in a full explanatory opinion or substantive discussion." Id. at 1235.

We have carefully reviewed the briefs and the administrative record in light of the governing law. We conclude that we lack jurisdiction to address petitioner's issues on appeal, which all revolve around his ethnicity, his credibility, and his failure to further corroborate his claims. Petitioner did not mention his ethnicity in his counseled administrative appeal. See Admin. R. at 13-16. He also failed to challenge the IJ's findings that he was not credible and that he should have provided additional corroboration for his testimony. See id. The BIA mentioned a standard of review for a credibility finding and petitioner's ethnicity in passing, but the BIA made no explicit determination about the IJ's findings on those issues. See id. at 3-4. The BIA did not mention the word "corroboration" at all, but stated that petitioner had failed to produce evidence that people of his ethnicity are persecuted in Russia. See id. at 3. As a result, the exception to the exhaustion rule does not apply,

petitioner's challenges to the IJ's findings as to his ethnicity, credibility, and need to corroborate his claims are unexhausted, and we lack jurisdiction to review them. See Garcia-Carbajal, 625 F.3d at 1238.

The petition for review is dismissed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge