FILED
United States Court of Appeals
Tenth Circuit

November 29, 2017

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ZHI WEI PANG, a/k/a Zhi Wei Pan,

Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

Respondent.

No. 17-9500
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]

_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Zhi Wei Pang is a native and citizen of China. He seeks review of a final

order of removal issued by the Board of Immigration Appeals (BIA) that denied his

motion to reopen his removal proceedings. Exercising jurisdiction under 8 U.S.C.

§ 1252, we deny the petition.

Pang first entered the United States in 1993. Thereafter, he was involved in

protracted immigration proceedings that were eventually resolved in Denver,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Colorado in 2008. The immigration judge (IJ) denied his application for asylum, withholding of removal, and relief under the Convention Against Torture.

As to asylum, the IJ found that Pang failed to establish past persecution on account of a statutorily enumerated ground. In this regard, Pang argued that the fine levied against him for violating China's family planning policy and the confiscation of some personal property when he could not pay, amounted to persecution. The IJ acknowledged that in certain circumstances economic harm can be considered persecution, but found that the fine and confiscation of property did not rise to such a level. And with respect to withholding of removal, the IJ found that Pang failed to demonstrate a well-founded fear of future persecution on account of a protected ground. Last, the IJ found that Pang failed to establish that he more likely than not would suffer torture by or with the acquiescence of the government upon his return to China.

Pang appealed. In a 2010 decision, the BIA upheld the IJ's decision and dismissed Pang's appeal. This court denied Pang's petition for review.

In 2016, nearly six years after the BIA dismissed his appeal, Pang filed a motion to reopen the proceedings. He did not submit a new asylum application or indicate which form of relief he was pursuing other than to state in the motion that the proceedings should be reopened "based on his continued economic persecution by the Chinese . . . Government." Admin. R. at 13.

2

The BIA concluded that the motion was untimely and that Pang failed to establish any changed conditions in China to excuse the untimely filing. The BIA further concluded that Pang's motion did not demonstrate an exceptional situation that would warrant the exercise of discretion to reopen the proceedings sua sponte. This petition for review followed.

"The decision to grant or deny a motion to reopen . . . is within the discretion of the [BIA]." 8 C.F.R. § 1003.2(a). As such, "we review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (brackets, alteration, and internal quotation marks omitted). And because "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion," any claim that the BIA failed to sua sponte reopen the proceedings is "not subject to judicial review." *Belay-Gebru v. INS*, 327 F.3d 998, 1000-01 (10th Cir. 2003) (alteration and internal quotation marks omitted).

An alien may file one motion to reopen within ninety days of a final administrative order of removal. *See* § 1003.2(c)(2). The motion must be supported by affidavits or other evidentiary material, and must be based on evidence that is material, that was not previously available, and that could not have been discovered or presented at the former hearing. *Id*. at (c)(1). An exception to the time and

3

number limitation exists for aliens who seek reopening to apply for asylum or withholding of removal where the claim is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding. *Id*. at (c)(1), (c)(3)(ii).

"To merit reopening [his] case, [Pang] must state the new facts that will be proven at a hearing to be held if the motion is granted, and [he] must support those facts with affidavits or other evidentiary material." *Maatougui v. Holder*, 738 F.3d 1230, 1239-40 (10th Cir. 2013) (internal quotation marks omitted). The new facts "must demonstrate that if proceedings before the IJ were reopened . . . the new evidence offered would likely change the result in the case." *Id*. at 1240 (brackets and internal quotation marks omitted).

Although Pang did not specify the form of relief he was seeking, the BIA construed his motion to reopen as a request for asylum and withholding of removal. Therefore, the question before the BIA was whether Pang's new evidence demonstrated a material change in country conditions in China to establish a prima facie case for relief in 2016 that did not exist at the time of his merits hearing in 2008.

In his affidavit, Pang claimed that his wife disappeared several years ago, his land was confiscated, and he was threatened by the Chinese government when he challenged its taking of his land. But as the government points out, Pang failed to

4

provide any evidence regarding the circumstances surrounding his wife's alleged disappearance, or that the confiscation of his property or alleged threats had any connection to a statutorily protected ground. In fact, he appears to concede that his property was seized "based on abandonment." Pet'r Opening Br. at 8.

More to the point, Pang admits that his motion to reopen is based on an alleged change in his personal circumstances—not changed country conditions: Pang provided a notarized statement that "*his circumstances had changed.*" *Id.* at 5 (emphasis added).

Unfortunately for Pang, a change in personal circumstances is not sufficient to sustain a motion to reopen filed after the ninety-day deadline in 8 C.F.R. § 1003.2(c)(2). *See* 8 C.F.R. § 1003.2(c)(3)(ii) ("[T]he time limitation . . . shall not apply to a motion to reopen proceedings . . . [t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Instead, to obtain relief on an untimely motion to reopen, an alien must present, among other things, evidence of changed country conditions. *See Wei v. Mukasey*, 545 F.3d 1248, 1256 (10th Cir. 2008) (An "alien [cannot] file application for asylum [or withholding of removal] on the basis of changed personal circumstances after he ha[s] been ordered removed and 90-day time limit for filing

5

motion to reopen ha[s] expired, unless [the] alien [can] show changed country conditions that would support [the] motion to reopen.").

Last, Pang argues that the BIA should have reopened the proceedings to consider whether he was entitled to protection under the Convention Against Torture. But Pang did not raise this claim in his motion to reopen, and we therefore lack jurisdiction to consider the issue. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam) (holding court lacks jurisdiction to consider an issue on appeal not raised in alien's motion to reopen).

The petition for review is denied.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

6