**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EDWARD AKINSOLA
AKINWUNMI; MOBOLAJI O.
AKINWUNMI; CHRISTOPHER I.
AKINWUNMI,

        Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

        Respondent.

No. 99-9530

---

APPEAL FROM THE IMMIGRATION & NATURALIZATION SERVICE
BOARD OF IMMIGRATION APPEALS
(Petition for Review)
(Nos. A74 665 527, A74 665 528, & A72 449 841)

---

Submitted on the pleadings:

Sandra Saltrese-Miller, Boulder, Colorado, for Petitioners.

Michelle E. Gorden, Office of Immigration Litigation, Civil Division, Justice
Department, Washington, D.C., for Respondent.

---

Before **TACHA** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

**PER CURIAM** .

Petitioners, the Akinwunmi family of Nigeria, seek review of a decision of the Board of Immigration Appeals (BIA) that dismissed their untimely appeal from a decision of the immigration judge that found them deportable and denied their application for asylum and withholding of deportation. Petitioners argue that their failure to timely file their appeal to the BIA was the result of their counsel's ineffective assistance, and that the BIA should have permitted them to take the untimely appeal. Petitioners also seek a stay of deportation pending review. We dismiss the petition for review and the motion for stay of deportation for lack of jurisdiction due to petitioners' failure to exhaust their administrative remedies. [1]

"The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991). Courts have carved out an exception to the exhaustion requirement for constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims. See, e.g., Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994). Nevertheless, "the BIA does have the

---

[1]	Because we conclude that we lack jurisdiction based on petitioners' failure to exhaust their administrative remedies, we need not decide whether we also lack jurisdiction on other grounds.

authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process." Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995). [2]

The BIA permits an alien to move to reopen the administrative proceedings when his counsel's incompetence has prevented him "'from reasonably presenting his case.'" In re N-K, Interim Dec. 3312, 1997 WL 123906 (BIA Mar. 13, 1997) (quoting In re Lozada, 19 I. & N. Dec. 637, aff'd, 857 F.2d 10 (1st Cir. 1988)); see also 8 C.F.R. § 3.2. We have held that because the BIA provides a mechanism for hearing an ineffective assistance claim, an alien's failure to raise the claim to the BIA deprives this court of jurisdiction to review it. See Dulane v. INS, 46 F.3d 988, 996 (10th Cir. 1995) (discussing Nguyen v. INS, 991 F.2d 621, 623 n.3 (10th Cir. 1993)); accord Mojsilovic v. INS, 156 F.3d 743, 748-49 (7th Cir. 1998); Rashtabadi, 23 F.3d at 1567; Dokic v. INS, 899 F.2d 530, 531-32 (6th Cir. 1990) (per curiam). But see Rabiu v. INS, 41 F.3d 879, 881-82 (2d Cir.

---

[2] Contrary to petitioners' assertion in their docketing statement, there is no Sixth Amendment right to counsel in a deportation proceeding. See Michelson v. INS, 897 F.2d 465, 467 (10th Cir. 1990). Because deportation proceedings are civil in nature, a claim of ineffective assistance of counsel in a deportation proceeding may be based only on the Fifth Amendment guarantee of due process. See id. at 467-68. As a result, an alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair. See id. at 468.

-3-

1994) (holding that failure to raise ineffective assistance claim before BIA does not deprive appellate court of jurisdiction to review claim).

Petitioners state their intention to file a motion to reopen with the BIA in their stay motion, but there is no indication that they have actually filed one. See Motion for Stay of Deportation at 6 n.2. We therefore lack jurisdiction to review their claim of ineffective assistance of counsel. See Rivera-Zurita, 946 F.2d at 120 n.2.

The motion for stay is denied and the petition for review is DISMISSED. The mandate shall issue forthwith.