F I L E D
United States Court of Appeals
Tenth Circuit

NOV 15 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LUIS JUAN MONTEJO,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 01-9507
(BIA No. A70 095 957)
(Petition for Review)

ORDER AND JUDGMENT  *

Before **TACHA** , Chief Judge,  **SEYMOUR** , Circuit Judge, and  **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Luis Juan Montejo, a citizen of Guatemala, appeals the decision by the Board of Immigration of Appeals (Board) affirming the immigration judge (IJ)'s denial of petitioner's application for asylum and withholding of removal. Because the decision is supported by substantial evidence, we affirm.

Petitioner entered the United States illegally in May 1990, seeking to avoid recruitment by guerrilla forces in Guatemala. In June 1991, he submitted an application for asylum. Removal proceedings were initiated against petitioner on June 17, 1997, and on August 11, 1998, petitioner admitted that he was removable, but reiterated his request for asylum and withholding of removal. At a hearing held on May 20, 1999, petitioner testified that when he was approximately eleven years old his father refused to join the guerrilla forces and was placed on a death list; that his father went to Mexico and later to the United States, where he was deported in 1989; that petitioner feared that he would be recruited by the guerrillas when he turned eighteen; that he knew neighbors who had been killed for refusing to join the guerrilla forces; and that he left Guatemala when he was eighteen to avoid being recruited.

Petitioner also presented a psychologist's report stating that petitioner feared returning to Guatemala. The report contained a somewhat different factual history, relating that petitioner left his hometown at age 12 to live in the small town of Retableu, that he moved to Guatemala City at age 15, and that he returned

to his hometown at age 17 to work in a bakery. The report stated that the guerillas came to his hometown when petitioner was 15, and that his father left the country in 1986 but returned to take care of his family in 1989. Finally, the report indicated that petitioner feared not only guerrilla recruitment, but military recruitment as well. The psychologist opined that petitioner was a marked man because of his refusal to join either side, and that he might be retaliated against.

The government presented a State Department report on Guatemala containing the following information concerning petitioner's claim: that Guatemala's thirty-six-year-old civil war ended with the signing of peace accords in December 1996; that the umbrella guerrilla organization and its component groups disbanded in March 1997 and have formed a legitimate political party; that the guerrillas have renounced the use of force to achieve political goals; that the military and police have been reduced and restructured and Civilian Self-Defense Patrols have been abolished; that these entities are being held accountable for their conduct; that the targeting of Indian populations for military and guerrilla recruitment has ceased; that since the signing of the peace accords the State Department had not seen any claims of violence by Guatemalan Indians that could be attributed to political motives; and that even during the worst times the enforced conscription was avoidable by moving to a different part of the country.

The IJ issued an oral ruling after the hearing, finding that petitioner had not shown past persecution or a well-founded fear of future persecution based on his race, religion, nationality, political opinion, or membership in a particular social group; that recruitment by a military or guerrilla group was not considered persecution on one of the enumerated grounds; that the fact that petitioner had not been recruited when he was younger, during the prime recruitment ages, indicated that he was not subjected to persecution; that petitioner could have moved to another part of Guatemala to avoid guerrilla recruitment; that petitioner's fear of future recruitment by the guerillas was not well-founded because of the peace accord; and that petitioner's inability to meet the burden for asylum precluded him from meeting the higher withholding of removal standard.

Petitioner appealed to the Board, arguing that he had met the standard for asylum and that the IJ had improperly discounted his evidence. The Board concurred with the IJ's decision and dismissed the appeal.

On appeal to this court, petitioner raises a host of issues that were not raised to the Board. Because petitioner failed to exhaust his remedies with respect to these issues, we lack jurisdiction to consider them on appeal. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999).[1] The one issue he

---

[1] Petitioner argues that we have jurisdiction to consider his equal protection claim even though it was not raised to the Board because the Board lacks

(continued...)

preserved is whether the BIA erred in affirming the IJ's decision that petitioner failed to establish past persecution or a reasonable fear of future persecution. We review this issue under a deferential standard, reversing only if petitioner's evidence "compels" a contrary conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Contrary to the facts described in petitioner's brief, the record shows that petitioner himself was not actually threatened with death, but that his father had been placed on a death list. In fact, it is not clear whether petitioner was actually recruited at all. At the hearing, he testified that the guerillas stopped looking for his family after his father left home because the children were still little, that the guerrillas threatened to recruit him when he was older, and that he left Guatemala because he was eighteen, which he believed was the age of recruitment, but that no specific incident caused him to leave.

---

[1](...continued)
jurisdiction to review constitutional issues. It is true that there is an exception to the general exhaustion rule for constitutional issues. *Akinwunmi*, 194 F.3d at 1341. Here, however, there is no actual controversy as to whether stopping the accrual of an alien's years of continuous presence upon service of a notice to appear violates equal protection, because petitioner has not shown that he was refused cancellation of removal on this basis by the IJ or the Board. Further, it is not clear that petitioner would be foreclosed from seeking cancellation of removal on this ground, as his notice to appear was served more than seven years after he entered this country.

Even assuming that petitioner refused an attempt to recruit him, there is no evidence that petitioner was recruited or refused recruitment due to his political opinion. In *Elias-Zacarias*, the Supreme Court made it clear that recruitment by Guatemalan guerrillas, in itself, is not considered persecution based on political opinion. *Id.* at 482-83 (explaining that forced recruitment is not on account of victim's political opinion, but that of guerrillas, and that refusal to join guerillas can be for many reasons other than political opposition to their cause). Because here petitioner did not present any evidence that he was recruited based on his political opinion or that he refused to join the guerillas because he disagreed with their political stance, the evidence does not compel the conclusion that he was persecuted based on his political opinion.

The decision of the Board of Immigration Appeals is AFFIRMED, and the petition for review is DISMISSED.

Entered for the Court

Deanell Reece Tacha
Chief Judge