**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDUARD ALEKSEYEVICH
DEREVYANSKY;
NADIYA PETROVNA
DEREVYANSKA; VADYM
DEREVYANSKY,

      Petitioners,

v.

JOHN ASHCROFT, Attorney General
of the United States,

      Respondent.

No. 03-9572
(INS Nos. A78-583-103;
A79-343-953; A78-545-406)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eduard Alekseyevich Derevyanksy, Nadiya Petrovna Derevyanska,[1] and Vadym Derevyanksy petition for review of the orders of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of petitioners' applications for asylum, for withholding of removal under the Immigration and Nationality Act (INA), and for withholding of removal under the United Nations Convention Against Torture. Petitioners contend that the IJ erred in denying their applications for asylum. They argue also that their cases should be re-opened and remanded to the BIA based on ineffective assistance of counsel. We dismiss the petition for lack of jurisdiction.

The IJ denied petitioners' applications for asylum as time-barred under section 208(a)(2)(B) of the INA, 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the IJ's determination that petitioners are ineligible for asylum because of the untimeliness of their application. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234-35 (10th Cir. 2003); 8 U.S.C. § 1158(a)(3).

The petitioners argue also that they received ineffective assistance of counsel in the proceedings before the IJ and the BIA. The petitioners did not raise this issue before the BIA. This court has held that "because the BIA

---

[1]     We have used "Nadiya" as Ms. Derevyanska's first name because that is the name that appears on her passport and on the majority of the other documents in the record, but we note that in the record and in petitioners' brief her name has also been spelled "Nadya," "Nadia" and "Nadyia."

provides a mechanism for hearing an ineffective assistance claim, an alien's failure to raise the claim to the BIA deprives this court of jurisdiction to review it." *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999). Because the petitioners failed to raise their ineffective assistance of counsel claim to the BIA, we do not have jurisdiction to review it.

Finally, petitioners have waived any arguments with respect to the IJ's denial of their requests for withholding of removal under the INA and the Convention Against Torture because they did not raise these issues in their opening appellate brief. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Accordingly, the petition is DISMISSED. On a final note, we admonish petitioners' counsel for failing to attach copies of the IJ's and the BIA's decisions as required by 10th Cir. R. 28.2(A)(1). We likewise admonish respondent's counsel for not complying with 10th Cir. R. 28.2(B), which requires that the respondent's brief include these rulings if the petitioners fail to include them in their brief.

Entered for the Court


Robert H. Henry
Circuit Judge

-3-