**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BUDI MULIANTO,

   Petitioner-Appellant,

v.

ALBERTO R. GONZALES, Attorney
General,

   Respondent- Appellee.

No. 05-9541

(BIA No. A95 225 577)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, and **BALDOCK**, Circuit Judges, and **FIGA,**[**] District Judge.[***]

  Petitioner Budi Mulianto is a native and citizen of Indonesia. He seeks review of a

Board of Immigration Appeals' (BIA) final order of removal. The BIA affirmed the

Immigration Judge's (IJ) order denying Mulianto's claim for asylum, withholding of

---

  [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

  [**] The Honorable Phillip S. Figa, United States District Judge for the District of Colorado, sitting by designation.

  [***] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and deny the petition for review.

Mulianto entered the United States on February 24, 2001 with a visitor's visa. After overstaying his visit, the Government commenced removal proceedings pursuant to 8 U.S.C. § 1227(a)(1)(B). At a hearing before the IJ, Mulianto conceded to his removability, but sought asylum, withholding of removal, and relief under CAT, claiming past persecution and fear of future persecution on account of his Chinese ethnicity and Catholic religion. In his application for asylum, as well as at the merit hearing before the IJ, Mulianto testified to a number of instances he and his family were allegedly assaulted and harassed by Muslims because they were Catholic and Chinese, including the alleged murder of his older brother. Mulianto testified he fears the Muslims from his town will kill him if he returns to Indonesia. The IJ denied Mulianto's requested relief finding his testimony lacked credibility. Specifically, the IJ disbelieved Mulianto's claim he was Chinese and Catholic. The BIA summarily affirmed, concluding the IJ's credibility determination was not clearly erroneous.

The only question before us is whether the IJ's credibility determination, which the BIA accepted, is supported by specific and cogent reasons based on the record evidence and not merely based on speculation and conjuncture. See Wiransane v. Ashcroft, 366 F.3d 889, 897 (10th Cir. 2004). Mulianto's allegations of past persecution and fear of future persecution if returned to Indonesia rely almost entirely on his alleged religious affiliation. During the merit hearing, the Government asked Mulianto some basic questions about Catholicism. Mulianto appeared befuddled by the questions and was unable to answer them

2

correctly. Mulianto did not know the name of the Pope or where the Pope resides. When asked to name the Catholic Church's seven sacraments, Mulianto was only able to name two of the seven. Mulianto subsequently identified two others after the Government brought them to his attention. Mulianto was also asked when he received his First Communion. In response, Mulianto stated: "If I am not mistaken in 1997. It shows on my paper there." But the document to which Mulianto referred was his Baptism certificate which did not say anything about his First Communion, suggesting Mulianto could not distinguish between Baptism and First Communion. Moreover, Mulianto's testimony was inconsistent. During the hearing he originally testified he had attended Mass in the United States either during Christmas or Easter. Later in his testimony, however, Mulianto testified he had never attended Mass in the United States. Based on the foregoing, the IJ's credibility determination relies on specific and cogent reasons supported by substantial evidence in the record. See Chaib v. Ashcroft, 397 F.3d 1273, 1278 (10th Cir. 2005).

The IJ's determination Mulianto was not Chinese is similarly supported by the record evidence. To support his claim he was Chinese, Mulianto provided his purported birth certificate dated August 14, 1979. The IJ concluded the certificate was not a credible document. The IJ observed Mulianto had testified his parents were required to change their names from Chinese names to Indonesian names in 1967 following a decree by the Indonesian President. Mulianto's purported birth certificate, however, lists his parents' Chinese names. Mulianto was unable to explain this discrepancy. The IJ concluded it did not make much sense that Mulianto's parents would change their names to Indonesian

3

names, but twelve-years later would defy the law and change their names back to Chinese and use those names in official Indonesian documents. The IJ's determination Mulianto is not Chinese is, therefore, "supported by reasonable, substantial and probative evidence on the record as a whole." Krastev v. I.N.S., 292 F.3d 1268, 1275 (10th Cir. 2002).[1]

PETITION DENIED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge

---

[1] Petitioner also contends the BIA's adverse credibility determination violated his First Amendment rights because it constituted an impermissible government inquiry into the strength of faith. Petitioner did not raise this issue before the BIA, so he failed to exhaust his administrative remedies. Accordingly, we lack jurisdiction over this claim. See Akinwunmi v. I.N.S, 194 F.3d 1340, 1341 (10th Cir. 1999) (holding that "[t]he failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter").