**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LIBORIO DELGADO GARCIA,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9548
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

An immigration judge ("IJ") denied Liborio Delgado Garcia's applications for

adjustment of status and a waiver of inadmissibility, and the Board of Immigration

Appeals ("BIA") dismissed his appeal. The BIA also denied his motion to remand.

In his petition for review, Delgado advances new arguments he did not raise before

the BIA. This court therefore lacks jurisdiction to consider any of his contentions.

Consequently, we dismiss the petition for review for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Delgado is a native and citizen of Mexico who entered the United States in 1984. On November 2, 1990, he was convicted of assault with a deadly weapon or force likely to produce great bodily injury, in violation of California Penal Code § 245(a)(1) ("Conviction"). On December 1 of the same year, Delgado adjusted his status to that of a lawful permanent resident.

The government commenced removal proceedings against Delgado in January 2008. After several amendments, the government ultimately charged that he was removable because he had committed a crime of moral turpitude, which made him inadmissible at the time of entry or adjustment of status. *See* 8 U.S.C. § 1227(a)(1)(A); *id.*, § 1182(a)(2)(A)(i)(I). Delgado filed applications for adjustment of status under 8 U.S.C. § 1255 and a waiver of inadmissibility under 8 U.S.C. § 1182(h).[1]

At a hearing in March 2013, an IJ determined that Delgado's Conviction qualified as a crime of moral turpitude. The IJ therefore held that he was removable as charged. At the same hearing, the IJ also found that, because Delgado's

---

[1] The Attorney General has discretion to adjust the status of an alien to that of a lawful permanent resident if, among other requirements, the alien is admissible. *See* 8 U.S.C. § 1255(a). Although an alien who has committed or been convicted of a crime involving moral turpitude is inadmissible, *see id.*, § 1182(a)(2)(A)(i)(I), the Attorney General has discretion to waive the alien's inadmissibility if he satisfies the requirements in § 1182(h).

2

Conviction was for a violent crime, he would have to meet a heightened standard of hardship to obtain a § 1182(h) waiver.[2]

At a subsequent hearing, Delgado testified in support of his application for a § 1182(h) waiver. He described his family, including his United-States-citizen wife, and his construction business. He also acknowledged that he had multiple arrests and convictions since coming to the United States. When confronted on cross examination, Delgado admitted additional criminal convictions, as well as the use of false identification documents while his removal proceedings were pending. In numerous instances, the government demonstrated that Delgado's initial testimony had been false.

The IJ denied Delgado's applications for adjustment of status and a § 1182(h) waiver. The IJ noted it was undisputed that Delgado had to meet a higher standard for obtaining relief due to his Conviction being for a violent felony. The IJ found that, in the event of his removal, Delgado failed to demonstrate that his wife would experience exceptional and extremely unusual hardship. In addition, the IJ stated she would deny his applications in the exercise of discretion based upon his repeated lies under oath, his use of false identification while in removal proceedings, and his

---

[2] As relevant here, an applicant for a § 1182(h) waiver must ordinarily demonstrate, among other things, that his removal would cause a qualifying relative "extreme hardship." 8 U.S.C. § 1182(h)(1)(B). But an applicant who has committed a violent or dangerous crime must demonstrate extraordinary circumstances, such as "exceptional and extremely unusual hardship" to a qualifying relative, to warrant a favorable exercise of discretion. *In re Jean*, 23 I. & N. Dec. 373, 383 (Att'y Gen. 2002); *see also* 8 C.F.R. § 1212.7(d) (codifying standard for exercise of discretion in cases involving violent or dangerous crimes).

apparent contempt for the immigration court, other courts, and motor vehicle laws. The IJ ordered Delgado removed to Mexico.

Delgado filed a notice of appeal with the BIA in which he asserted that the IJ failed to adequately assess the hardship to his wife. He also sought an opportunity to clarify his testimony and asked the BIA to review the IJ's findings regarding his lies to the court. Despite receiving an extension of time to do so, Delgado never filed an appeal brief. He instead filed a motion seeking a remand to the IJ because a California court had reduced his Conviction from a felony to a misdemeanor and had subsequently dismissed the case. Delgado argued that, because the conviction on which his removal was based no longer existed, the IJ should reconsider his removability.

The BIA dismissed Delgado's appeal and denied his motion to remand. The BIA affirmed the IJ's uncontested ruling that he was removable. It also agreed with the IJ that Delgado had not shown the requisite level of hardship to establish eligibility for a § 1182(h) waiver and that he failed to demonstrate extraordinary circumstances meriting a favorable exercise of discretion. Finally, the BIA denied Delgado's motion to remand, concluding remand was not warranted because vacatur of a conviction under the relevant California statute did not eliminate the immigration consequences of a conviction.

## II.    Discussion

The government contends that we lack jurisdiction to consider any of Delgado's claims in his petition for review because he failed to raise them before the

4

BIA. We can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We lack jurisdiction to consider a claim that a petitioner did not first present to the BIA. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam).

Delgado challenges the agency's determination that his Conviction was for a violent or dangerous crime, thereby requiring him to meet a heightened standard of hardship to warrant a favorable exercise of discretion under § 1182(h). More specifically, he argues the agency should have applied a categorical approach and the BIA failed to consider the reduction of his Conviction from a felony to a misdemeanor. He also complains that the IJ did not state any basis for denying a § 1182(h) waiver as a matter of discretion.

Delgado fails to "cite the precise reference in the record where [these issues were] raised and ruled on," as required by our local rules. 10th Cir. R. 28.2(C)(2). Our review of the record indicates that he did not raise any of these issues in his BIA filings. "It is not enough to go through the procedural motions of a BIA appeal, or to make general statements in the notice of appeal to the BIA, or to level broad assertions in a filing before the Board." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (internal quotation marks omitted). Rather, "[t]o satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Id.* Delgado "may not add new theories seriatim as the litigation progresses from the agency into the courts." *Id.* at 1238.

5

Because Delgado failed to exhaust any of his arguments by raising them before the BIA, we lack jurisdiction to consider them.

## III.    Conclusion

The petition for review is dismissed for lack of jurisdiction.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge