FILED
United States Court of Appeals
Tenth Circuit

June 30, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BALTAZAR ABEL SOSA-
VALENZUELA,

      Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,[*]

      Respondent.

No. 20-9556
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Baltazar Abel Sosa-Valenzuela, a Mexican national, petitions for review of a

Board of Immigration Appeals' (BIA) decision upholding an immigration judge's (IJ)

order refusing to accept an untimely brief, denying a discretionary waiver of removal,

---

[*] On March 11, 2021, Merrick B. Garland became Attorney General of the
United States. Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and ordering him removed to Mexico. Most of Sosa-Valenzuela's arguments were not exhausted before the agency, and therefore we dismiss much of the petition for lack of jurisdiction. However, to the extent he raises one issue challenging the adequacy of the BIA's decision, we have jurisdiction under 8 U.S.C. § 1252(a) and deny that part of the petition for review.[1]

I

This case has a lengthy history dating back to the early 1990s, as described in two previous decisions issued by this court. *See Sosa-Valenzuela v. Holder*, 692 F.3d 1103 (10th Cir. 2012); *Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140 (10th Cir. 2007). We recount only those events relevant to this appeal. Sosa-Valenzuela entered the United States as a child and obtained lawful permanent residency status. In 1994, he pleaded guilty to attempted second-degree murder, unlawful possession of a firearm by a juvenile, and associated crimes for shooting another person, but after successful post-conviction proceedings, his convictions were vacated, and he pleaded guilty to first-degree assault and crime of violence with use of a deadly weapon.

The government commenced removal proceedings and eventually relied on the assault conviction to charge Sosa-Valenzuela as removable for having been convicted of an "aggravated felony." *See* 8 U.S.C. § 1227(a)(2)(A)(iii).[2] An "aggravated

---

[1] The jurisdictional issues raised by this court's June 23, 2020, show-cause order and Sosa-Valenzuela's response were referred to this merits panel. For the reasons discussed herein, we discharge the show-cause order.

[2] Although Sosa-Valenzuela's immigration proceedings commenced before passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

felony" is defined as "a crime of violence," *id.* § 1101(a)(43)(F), which in turn is

defined as either:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

In 2004, Sosa-Valenzuela conceded he was removable for having been convicted of an aggravated felony, but he applied for a discretionary waiver of removal under § 212(c). *See* 8 U.S.C. § 1182 (repealed by Pub. L. No. 104-208, Div. C., Title III, § 304(b), 110 Stat. 3009-597 (1996)). Based on his concession, an IJ sustained the charge of removability and granted a § 212(c) waiver.

Protracted appellate proceedings ensued, during which the BIA reversed the IJ's grant of § 212(c) relief and this court entertained two of Sosa-Valenzuela's appeals, the latter of which resulted in a remand for reconsideration of his eligibility for a § 212(c) waiver, *see Sosa-Valenzuela*, 692 F.3d at 1114. Meanwhile, in 2011, Sosa-Valenzuela pleaded guilty to racketeering and conspiracy to distribute cocaine. At that point, his removal proceedings were administratively closed until 2019.

In 2019, the government moved to re-calendar the case and amend the charges of removal, alleging that Sosa-Valenzuela was removable not only as an aggravated

---

(IIRIRA), it is governed by IIRIRA's permanent rules as amended by the REAL ID Act of 2005. *See* Pub. L. No. 109-13, § 106(d), 119 Stat. 231, 311.

felon based on his 2004 concession, but also because his 2011 convictions for racketeering and conspiracy rendered him removable for having been convicted of a controlled substance offense, *see* 8 U.S.C. § 1227(a)(2)(B)(i). Further, at a hearing on May 2, 2019, the government argued that Sosa-Valenzuela might be eligible for § 212(c) waiver for his aggravated felony assault conviction, but he was not eligible for such relief based on his 2011 racketeering and conspiracy convictions. At that point, Sosa-Valenzuela notified the IJ that he wished to withdraw his concession from 2004 that he was removable as an aggravated felon so he could argue that his assault conviction no longer qualified as a "crime of violence" after *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court invalidated as unconstitutionally vague the definition of a "crime of violence" under § 16(b) but left intact the definition under § 16(a). 138 S. Ct. at 1215-16. Sosa-Valenzuela asked the IJ for time to brief his *Dimaya* argument and his eligibility for a discretionary § 212(c) waiver. The IJ granted his request and notified him that his brief was due on May 16, 2019.

Sosa-Valenzuela did not meet that deadline. On May 23, 2019, he filed an untimely brief seeking to withdraw his concession because, he argued, he might have been found removable under § 16(b), which *Dimaya* invalidated. *See* Admin. R., vol. 1 at 261. He also argued that he was not removable based on his 2011 convictions because they did not qualify as aggravated felonies. Additionally, he filed separate motions to withdraw his concession and to accept his late-filed brief, asserting that "due [to] recently discovered case law supporting [his] position that he

4

is not removable as charge[d], the initial draft had to be significantly revised," *id.* at 271.

Without addressing Sosa-Valenzuela's merits arguments, the IJ directed him to show cause by June 3, 2019, why he failed file a timely brief and why his arguments should not be deemed waived. The IJ also directed the parties to file any additional evidence bearing on his eligibility for a § 212(c) waiver. In response, the government opposed Sosa-Valenzuela's request to withdraw his concession and submitted evidence of his 2011 convictions, but Sosa-Valenzuela did not respond to the show-cause order. Instead, on June 6, he filed a reply brief contending that he should not be bound by his attorney's concession of removal and the government failed to show either that his assault conviction qualified as a crime of violence or that his 2011 conviction for conspiracy to distribute cocaine qualified as a controlled substance offense.

The IJ denied the motion to accept the late-filed brief and deemed Sosa-Valenzuela's arguments waived, reasoning that he failed to adequately explain why his brief was late or otherwise respond to the show-cause order. As for his eligibility for a § 212(c) waiver, the IJ observed that prior to Sosa-Valenzuela's 2011 convictions for conspiracy and racketeering, he had applied for adjustment of status, which the BIA denied as a matter of discretion due to "the serious and violent nature of his [assault and related] convictions." *Id.* at 88. The IJ noted that since that time, the only additional evidence weighing on the decision to grant a discretionary § 212(c) waiver was his two additional convictions from 2011, which the IJ

5

concluded did not warrant a favorable exercise of discretion. Accordingly, the IJ denied a § 212(c) waiver and ordered Sosa-Valenzuela removed to Mexico.

The BIA upheld the IJ's decision, concluding that the IJ's refusal to accept the untimely brief was a proper exercise of the IJ's broad authority to set deadlines for the appropriate disposition of cases. Although Sosa-Valenzuela argued that the IJ should have extended the deadline and failed to assess whether any legal or factual issues remained, the BIA observed that he did not request an extension and the IJ reasonably rejected his explanation for filing an untimely brief. Consequently, the BIA concluded that he waived his merits arguments and the IJ properly sustained the charge of removal based on his concession that he was removable as an aggravated felon. Additionally, the BIA ruled that Sosa-Valenzuela offered no argument on the merits of his § 212(c) application, but, in light of other factors previously weighed by the BIA and his serious criminal history, there was no basis for disturbing the IJ's discretionary denial of relief.

Sosa-Valenzuela now seeks review, arguing that the BIA erred in refusing to allow him to withdraw his concession of removability and in failing to fulfill its regulatory duty to ensure there were no legal or factual issues pending prior to endorsing the IJ's removal order.

## II

We have jurisdiction to review constitutional claims and questions of law raised upon a petition for review, but we lack jurisdiction to review the Attorney General's denial of discretionary relief. 8 U.S.C. § 1252(a)(2)(B), (D). Further,

under 8 U.S.C. § 1252(d)(1), we have jurisdiction to "review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." Thus, we lack jurisdiction to review claims that were not first presented to the BIA. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999). As we have explained, "[i]t is not enough to go through the procedural motions of a BIA appeal, or to make general statements in the notice of appeal to the BIA, or to level broad assertions in a filing before the Board." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (internal quotation marks omitted). To exhaust an issue, "an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Id.* An alien "may not add new theories seriatim as the litigation progresses from the agency into the courts." *Id.* at 1238. With these principles in mind, we turn to Sosa-Valenzuela's arguments.

### A. Sosa-Valenzuela Failed to Exhaust his Request to Withdraw his Concession of Removability

Sosa-Valenzuela first contends the BIA erred in refusing to allow him to withdraw his concession that his assault conviction rendered him removable as an aggravated felon. He expends a considerable portion of his brief arguing that, since *Dimaya*, his concession is unreasonable because *Dimaya* invalidated § 16(b) and his assault conviction does not qualify as a crime of violence under § 16(a). *See* Pet'r's Br. at 41-56. But the BIA refused to consider this issue, ruling it was waived because Sosa-Valenzuela failed to file a timely brief with the IJ. The BIA explained that the IJ acted within her discretion in denying the motion to accept the late-filed brief and,

7

"[b]ecause [Sosa-Valenzuela's] arguments regarding his [removal] were waived before the [IJ], these issues [were] not properly before [the BIA]." Admin. R., vol. 1 at 7. Sosa-Valenzuela does not now challenge the BIA's waiver ruling or contend the IJ abused her discretion by denying his motion to accept the late-filed brief and deeming his arguments waived. Instead, he simply ignores the BIA's waiver ruling and maintains that he should be allowed to withdraw his concession. But because the BIA refused to consider this issue, it is unexhausted, and we lack jurisdiction to consider it. *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1282 (10th Cir. 2020) ("[W]e will only consider arguments that a petitioner properly presents to the BIA.").[3]

---

[3] In his reply brief, Sosa-Valenzuela reverses course and contends for the first time that he *is* challenging the IJ's waiver ruling. *See* Reply Br. at 4-5 & n.2 (asserting he has maintained "that the IJ lacked the authority to summarily dispose of his request to withdraw his [concession] without ruling on the merits of that request" and explaining that he assumed the IJ's waiver ruling was proper only for purposes of arguing that, even assuming the waiver was proper, the IJ failed to rule on his oral motion to withdraw his concession); *id.* at 8-9 (arguing he "fully preserved [his] contention that the IJ erred by deeming his request to withdraw his [concession] waived"); *id.* at 16 ("The IJ wrongly deemed his motion to withdraw [his concession] as waived, without ever ruling on it."). This change of direction is unavailing, however, because his opening brief advances no such challenge. The closest the opening brief comes to challenging the IJ's waiver ruling is Sosa-Valenzuela's assertion that it was "debatable" whether his failure to respond to the IJ's show-cause order waived both his oral and written requests to withdraw his concession. *See* Pet'r's Br. at 65-66. But that statement did not aim to challenge the IJ's waiver ruling; rather, it was part of Sosa-Valenzuela's distinct contention that the BIA failed its regulatory duty to ensure there were no pending legal or factual issues precluding the removal order because the IJ's waiver ruling did not resolve his oral request to withdraw his concession. *See id.* at 56-68. Under these circumstances, Sosa-Valenzuela's opening brief fails to adequately raise and pursue an argument challenging the IJ's waiver ruling or the BIA's conclusion that the issue was not properly before it. *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019)

8

*B. Sosa-Valenzuela did not Exhaust his Argument that the BIA Failed to Fulfill its Duty to Resolve his Oral Motion to Withdraw his Concession*

Sosa-Valenzuela next contends the BIA failed to fulfill its regulatory duty under 8 C.F.R. § 1240.10(c) (which governs pleadings before an IJ) to ensure there were no pending issues preventing the IJ's removal order. He says that at the May 2, 2019, hearing before the IJ, he lodged an oral motion to withdraw his concession of removability and, notwithstanding the IJ's denial of his motion to accept his untimely brief, his oral motion to withdraw was still pending when the IJ ordered him removed and the BIA affirmed. According to Sosa-Valenzuela, neither the IJ nor the BIA ever ruled on the oral motion to withdraw his concession of removability.

The problem with this argument, however, is that Sosa-Valenzuela advanced a different theory before the BIA. Although he similarly asserted the IJ violated her duty to assess whether any legal or factual issues remained, he argued, *not* that the IJ failed to rule on his oral motion to withdraw his concession (which effectively raises a procedural error), but that the IJ failed to substantively assess the impact of *Dimaya* on the propriety of his concession. *See* Admin. R., vol. 1 at 28 ("[T]he Judge has yet to assess the impact of the 2018 *Dimaya* decision on the legal propriety of the old concession."); *see also id.* at 33 (arguing IJ violated duty by refusing "to entertain any challenge to deportability"). The BIA declined to consider Sosa-Valenzuela's contention (*i.e.*, that the IJ failed to assess the propriety of his concession), ruling it

(recognizing that issues not raised or not adequately presented in an opening brief are deemed abandoned or waived).

9

was unavailing because he failed to file a timely brief raising the issue and the IJ acted within her authority to reject his explanation for its untimeliness. But he never argued that the IJ failed to rule on an oral motion to withdraw, and thus the BIA did not address it. Sosa-Valenzuela's failure to advance the same specific legal theory left his present argument unexhausted. *See Garcia-Carbajal*, 625 F.3d at 1237.

Additionally, we note that, at times, Sosa-Valenzuela cites his application for a discretionary § 212(c) waiver as another issue that was pending before the IJ. Although he acknowledges that the IJ denied his § 212(c) application, he asserts the IJ failed to provide a reasoned explanation for denying relief. *See* Pet'r's Br. at 65-66. Again, however, he failed to present that issue to the BIA, leaving it unexhausted and beyond the scope of our review.[4]

Sosa-Valenzuela raises similar arguments against the BIA, asserting it affirmed the IJ's denial of a § 212(c) waiver despite the IJ's failure to rule on his oral motion to withdraw his concession. But because he never argued to the BIA that the IJ failed to rule on his oral motion to withdraw, he cannot now complain that the BIA did not consider that issue in affirming the denial of a § 212(c) waiver.

Finally, to the extent Sosa-Valenzuela summarily contends the BIA failed to provide a reasoned decision for affirming the denial § 212(c) relief, the BIA's

---

[4] In his response to this court's June 23, 2020, jurisdictional show-cause order, Sosa-Valenzuela expressly disavows any challenge to the agency's discretionary denial of § 212(c) relief, recognizing it would be barred by 8 U.S.C. § 1252(a)(2)(B). *See* Pet'r's Statement on Federal Court Jurisdiction at 1, 22 (July 7, 2020). To the extent we address Sosa-Valenzuela's contentions, we do not review any discretionary aspect of the agency's decision.

decision is sufficient to permit meaningful review. *See Maatougui v. Holder*, 738 F.3d 1230, 1242-43 (10th Cir. 2013) (reviewing for abuse of discretion the claim that BIA's reasoning was "too brief and conclusory"). "The BIA is not required to write an exegesis on every contention. What is required is that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (brackets and internal quotation marks omitted).

The BIA explained that Sosa-Valenzuela did not "meaningfully challenge[]" the denial of a § 212(c) waiver. Admin. R., vol. 1 at 7. Nonetheless, the BIA cited its previous decision in which it denied him discretionary adjustment of status after finding his favorable attributes were outweighed by his serious criminal record. The BIA explained that in addition to those discretionary considerations, Sosa-Valenzuela provided no basis for disturbing the IJ's denial of relief because the only additional information before the BIA was evidence that he had since been convicted of racketeering and conspiracy in 2011. This explanation demonstrates that the BIA considered the relevant factors in concluding that Sosa-Valenzuela did not warrant a favorable grant discretionary relief. Nothing more was required.

11

III

Accordingly, the petition for review is dismissed in part for lack of jurisdiction and otherwise denied. Sosa-Valenzuela's motion to proceed without prepayment of fees is granted.

Entered for the Court

Mary Beck Briscoe
Circuit Judge