**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WENDI CAROLINA HUESO-
CHOTO,

      Petitioner,

v.

MERRICK B. GARLAND, United
States Attorney General,

      Respondent.

No. 21-9542
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

This case grew out of Ms. Wendi Carolina Hueso-Choto's

applications for asylum, withholding of removal, and deferral of removal.

Unsuccessful before the immigration judge, Ms. Hueso-Choto moved in the

Board of Immigration Appeals for a remand based on ineffective

---

[*]    The parties do not request oral argument, and it would not help us
decide the appeal. So we have decided the appeal based on the record and
the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

representation. The Board denied the motion to remand, leading Ms. Hueso-Choto to petition for judicial review based on ineffectiveness of her legal representative and new legal developments. We deny the petition, concluding that

- the Board acted within its discretion when declining to remand the proceedings based on ineffective representation and

- new legal developments do not cause us to question the Board's factual findings or legal conclusions.

*Standard of review*. In reviewing the Board's denial of a motion to remand, we apply the abuse-of-discretion standard. *Witjaksono v. Holder*, 573 F.3d 968, 978–79 (10th Cir. 2009). "An abuse of discretion occurs when the [Board's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. at 979 (internal quotation marks omitted).

*Ineffectiveness of the representation in the removal proceedings*. In the removal proceedings, Ms. Hueso-Choto had a right under the Fifth Amendment to effective assistance. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999). This right was violated only if the representative's deficiencies were so prejudicial that they prevented a fundamentally fair proceeding. *Id*. Prejudice would exist if Ms. Hueso-Choto had shown a reasonable likelihood of a better outcome with effective

representation. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (en banc).

In petitioning for judicial review, Ms. Hueso-Choto doesn't say how her representative's deficiencies had affected the outcome. So she's waived any right to judicial review based on prejudice. *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009).

But even if we were to sua sponte review the record, we'd conclude that the Board had acted within its discretion. In moving for a remand, Ms. Hueso-Choto argued that her representative should have presented in-person testimony rather than a declaration, presented corroborating evidence, submitted additional country conditions evidence, and attributed mistreatment in El Salvador to Ms. Hueso-Choto's relationship with her father.

At the immigration hearing, the representative presented a declaration by Ms. Hueso-Choto rather than her live testimony. But the immigration judge regarded the account in the declaration as credible. So we see no reason to expect a different result if Ms. Hueso-Choto had presented in-person testimony.

Nor do we see how she was prejudiced from a failure to present corroborating evidence. The immigration judge credited the account in Ms. Hueso-Choto's declaration. Because the judge credited this account, we do not see how corroboration would have affected the result.

3

Ms. Hueso-Choto also argues that the representative should have presented additional evidence of country conditions in El Salvador. The Board rejected this argument, reasoning that Ms. Hueso-Choto hadn't shown how the additional country reports would have affected the result. We agree. The Department of Homeland Security presented reports showing widespread gang violence in El Salvador, and the immigration judge didn't deny the applications based on doubt about the severity of conditions. The judge instead denied the applications based on Ms. Hueso-Choto's failure to connect her mistreatment to her membership in a particular social group. Given this rationale, we don't see how additional information from country reports would have affected the result.

Lastly, Ms. Hueso-Choto contends that her representative should have tied the mistreatment to her familial relationships. The Board rejected this contention, reasoning in part that even if Ms. Hueso-Choto's nuclear family could constitute a particular social group, she had not tied her fear of persecution to her familial ties. The more likely problem, the Board reasoned, was Ms. Hueso-Choto's vulnerability. This reasoning fell within the Board's discretion.[1]

---

[1]     The Board also reasoned that existing law wouldn't have supported relief based on a family-based particular social group. When the Board issued the decision, its precedent stated that nuclear families do not ordinarily constitute particular social groups. *Matter of L-E-A-*, 27 I. & N. Dec. 581, 586 (A.G. 2019). But the Attorney General later vacated this

*New legal developments.* Ms. Hueso-Choto relies not only on ineffective representation but also on new legal developments following the Board's decision. These developments involve recognition of particular social groups consisting of nuclear families and Salvadoran women unable to leave domestic relationships where they have children in common with their partners. *See Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021); *Matter of A-B-*, 28 I. & N. Dec. 307, 307 (A.G. 2021). These developments did not require a remand.

Ms. Hueso-Choto argues that the agency should reconsider her family-based claim in light of *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021). Although the law has changed to permit recognition of nuclear families as particular social groups, the Board relied on a failure to tie the threat of future harm to Ms. Hueso-Choto's familial relationships. That failure doomed Ms. Hueso-Choto's reliance on new authority recognizing nuclear families as particular social groups.

Ms. Hueso-Choto also points to the Attorney General's recent decision in *Matter of A-B-*, 28 I. & N. Dec. 307, 307 (A.G. 2021). According to Ms. Hueso-Choto, this decision supports recognition of the particular social group "El Salvadoran wom[e]n unable to leave . . .

---

precedent, holding that preexisting law should control pending further rulemaking. *Matter of L-E-A-*, 28 I. & N. Dec. 304, 305 (A.G. 2021).

abusive relationships with [their] mother[s.]" Pet'r's Opening Br. at 5. But Ms. Hueso-Choto didn't raise this potential grouping in the administrative proceedings. So this issue is unexhausted. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

Even if we were to consider the new proposed group, her claim would fail for two reasons.

First, she has not said how the proposed group would satisfy the requirements for a particular social group.

Second, her proposed group ("El Salvadoran women unable to leave abusive relationships with their mothers") differs from the particular social group recognized in the Attorney General's recent decision ("El Salvadoran women who are unable to leave their domestic relationships where they have children in common with their partners"). Ms. Hueso-Choto stated that the Attorney General's new decision renders her proposed group cognizable, but she has not said how her proposed group would resemble the group newly recognized in *Matter of A-B-*.[2]

---

[2]    In *Matter of A-B-*, the Attorney General acknowledged that an asylum applicant may have a cognizable claim based on past harm or fear of future harm by private actors. 28 I. & N. Dec. at 308–09. But an asylum applicant must still establish nexus, and Ms. Hueso-Choto has not argued or presented evidence tying harm to her identity as a Salvadoran woman unable to leave an abusive relationship with her mother. So even if we were to consider this proposed particular social group, this claim would have failed based on the failure to prove a nexus.

6

*Conclusion.* Because Ms. Hueso-Choto failed to show an abuse of discretion, we deny her petition for judicial review.

Entered for the Court


Robert E. Bacharach
Circuit Judge