FILED
United States Court of Appeals
Tenth Circuit

May 27, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

OMAR OSIEL DUARTE-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

Respondent.

No. 21-9565
(Petition for Review)

_____

## ORDER AND JUDGMENT*

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **ROSSMAN**, Circuit Judges.

_____

Omar Osiel Duarte-Lopez petitions for review of a final order of removal

issued by the Board of Immigration Appeals (BIA), which affirmed the denial of his

application for cancellation of removal by an Immigration Judge (IJ).  We dismiss the

petition for lack of jurisdiction.

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Duarte, a native and citizen of Mexico, entered the United States in 1998 or 1999.  The Department of Homeland Security served him with a notice to appear in March 2010.  Mr. Duarte conceded removability before an IJ and applied for discretionary cancellation of removal.  This required him to show, among other criteria, that "exceptional and extremely unusual hardship" to certain qualifying relatives—here, his two U.S.-citizen daughters—would result from his removal. *See* 8 U.S.C. § 1229b(b)(1).

The IJ denied his application for cancellation of removal, so Mr. Duarte appealed to the BIA.  In 2013, the BIA remanded the matter back to the IJ for further consideration of Mr. Duarte's application.  The BIA concluded the IJ did not "adequately address the impact of being in the mother's care on the children," nor did the IJ "consider the impact of living with the mother in a potentially dangerous environment."  R. at 409.  The BIA ordered that, on remand, "the parties should be allowed to present additional testimony and to submit additional documentary evidence regarding the children's current living conditions, the ability of the mother to take care of the children on her own upon the respondent's removal, and any changes in the legal custody of the children."  *Id.*

After the BIA issued its remand order, a different IJ held a new hearing in September 2017.  As indicated in his pre-hearing statement, Mr. Duarte initially had planned on presenting the testimony of his mother and a family friend but ultimately presented only his own testimony.  He also submitted updated copies of state court

2

orders pertaining to the custody and parenting time of his children between himself and their mother.  Although, at the time of the first hearing, the children's mother had full custody, Mr. Duarte had since obtained a court order granting him "[s]ole [l]egal and [s]ole [p]hysical custody of the minor children, subject to [their mother's] right to parent-time with the minor children at reasonable times and places." *Id.* at 239. This order notwithstanding, Mr. Duarte could not take the children out of the country without their mother's permission or a further court order.

In 2018, the second IJ again denied Mr. Duarte's application for cancellation of removal, concluding in light of the new custody situation that Mr. Duarte failed to show his removal would result in exceptional and extremely unusual hardship to his children.  Regarding Mr. Duarte's argument that his removal would result in his daughters being forced to live with their mother and that this presented a dangerous situation for them, the IJ found "it is speculative that the mother would be able to get custody of the daughters should [Mr. Duarte] want to take them out of the country on his removal," *id.* at 84, and that "the requirements to go back to the court to allow the daughters to accompany [Mr. Duarte] to Mexico would result in a determination by that court . . . [of] what is in the best interest of the daughters, whether it is to accompany [Mr. Duarte] or for them to stay here," *id.* at 85.

Mr. Duarte appealed to the BIA again, arguing the IJ erred as a matter of law by denying his application for cancellation of removal.  In this second appeal, Mr. Duarte argued the IJ "erroneously speculated that the biological mother would not be able to obtain custody" of his children in the event of his removal and that "it [was]

3

also speculative on the part of an Immigration Judge as to how a Family Court judge in Utah would rule on the issue of relocation." *Id.* at 31. He maintained he had "established that his United States citizen children in the aggregate would face exceptional and extremely unusual hardship if Mr. Duarte had to return to Mexico," and that his "situation is very similar to the Respondent in [*In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002)] and actually has a higher level of hardship than in *Recinas*." *Id.* at 32. He did not argue to the BIA that the IJ failed to comply with its 2013 remand order. Although Mr. Duarte listed potential due process and equal protection violations as issues on appeal before the BIA, he did not brief those issues.

The BIA affirmed the IJ's decision, concluding the findings of fact were not clearly erroneous and agreeing it was speculative whether Mr. Duarte's children's mother would be able to obtain custody of them if he were removed. The BIA further concluded that regardless of whether Mr. Duarte's children return with him to Mexico or stay in the United States, "the hardships they will likely face upon [Mr. Duarte's] removal . . . are not substantially different from, or beyond, the hardship that would normally be expected from the removal of an alien with close family members to that alien's native country." *Id.* at 4. This petition followed.

## DISCUSSION

Subject to exceptions not applicable here, we lack jurisdiction to consider arguments that a petitioner did not first exhaust before the BIA. 8 U.S.C. § 1252(d)(1); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1282 (10th Cir. 2020). The petitioner "must present the *same specific legal theory* to the BIA before

4

he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).

Mr. Duarte argues the IJ "ignored the command of the BIA" after its first remand order, Pet'r's Opening Br. at 13, by failing to "give due consideration to the impact on [his] daughters of living with their abusive and violent mother, in case of Mr. Duarte's deportation," *id.* at 18. He also argues the IJ's factual findings amount to a due process violation.

Mr. Duarte did not raise either of these specific legal theories in his appeal before the BIA. His briefing before the BIA in his second appeal did not discuss the 2013 BIA order or its bearing on the 2018 remand proceedings. Instead, Mr. Duarte argued in his second BIA appeal that he met his burden to establish exceptional and extremely unusual hardship and that the IJ engaged in impermissible speculation in finding otherwise. And Mr. Duarte's one-sentence reference to alleged deprivations of his due process and equal protection rights in his listing of the issues raised in his appellate brief before the BIA was not sufficient to exhaust that theory and thus preserve the argument before this court.[1] *See Torres de la Cruz v. Maurer*, 483 F.3d

---

[1] Although we generally recognize that constitutional questions are excepted from the exhaustion requirement, "objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). Here, the BIA could have remedied any issue stemming from the IJ's failure to abide by its first remand order, *see* 8 C.F.R. § 1003.1(d), so Mr. Duarte needed to exhaust this argument for this court to have jurisdiction to consider it. *See Akinwunmi v. I.N.S.*, 194 F.3d 1340, 1341 (10th Cir. 1999) ("[T]he BIA does have the authority to reopen cases to fix

1013, 1018 (10th Cir. 2007) ("[W]here a specific issue was not addressed in administrative proceedings in the manner it is now addressed before us, general statements in the notice of appeal to the BIA are insufficient to constitute exhaustion of administrative remedies."); *see also Garcia-Carbajal*, 625 F.3d at 1237 (noting that, to exhaust administrative remedies, "[i]t is not enough . . . to level broad assertions in a filing before the [BIA]" (internal quotation marks omitted)).[2]

## CONCLUSION

Because Mr. Duarte presents no arguments we have jurisdiction to resolve, we dismiss the petition for review.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

administratively correctable procedural errors, even when these errors are failures to follow due process." (internal quotation marks omitted)).

[2] We also lack jurisdiction to consider these arguments under 8 U.S.C. § 1252(a)(2)(B)(i), which provides "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . [8 U.S.C. § 1229b]." Although this subsection does not preclude review of "questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), "[a] petition for review does not raise a question of law by disputing the [BIA's] appraisal of the degree of hardship likely to [a qualifying relative]." *Galeano-Romero v. Barr*, 968 F.3d 1176, 1182 (10th Cir. 2020).